UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: APPLICATION OF THE UNITED
STATES OF AMERICA FOR ORDER
PURSUANT TO THE TREATY ON MUTUAL
ASSISTANCE IN CRIMINAL MATTERS AND
TITLE 18, UNITED STATES CODE,                         Misc. Case No._____
SECTION 3512

Request for Assistance from the Kingdom of Spain
U.S. DOJ Criminal Matter: 182-63220
_____/

## APPLICATION FOR ORDER TO APPOINT COMMISSIONER

The United States of America, by and through its undersigned counsel, hereby files this *Application for Order to Appoint Commissioner*, pursuant to 18 U.S.C. § 3512, appointing Assistant United States Attorney Jonathan D. Stratton (or a substitute or successor subsequently designated by the Office of the U.S. Attorney), as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the above captioned request from the Ministry of Justice (Office of the Technical General Secretariat), Spain, made pursuant to the Treaty. In support of this application, the United States asserts:

RELEVANT FACTS

The Ministry of Justice (Office of the Technical General Secretariat), Spain, submitted a request for assistance (hereinafter, "the Request") to the United States of America, pursuant to the Agreement comprising the Instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington on 25 June 2003, as to the application of the Treaty Between the United States of America and the Kingdom of Spain, U.S.-Spain, Nov. 20, 1990, S. TREATY DOC. NO. 102-21

(1992) (hereinafter, "the Treaty"). As stated in the Request, Spanish authorities are conducting an investigation into alleged fraudulent activities of Dina Patricia Rodriguez Avalos (hereinafter, "RODRIGUEZ"), which occurred between January 2011 and December 2016, in violation of the Spanish Law, namely, Article 248 et seq. of the Criminal Code (Offence of Fraud). A copy of the applicable law is included as "Attachment A." Under the Treaty, the United States of America has an obligation to render assistance in response to the Request.

According to Spanish authorities, RODRIGUEZ, as an assistant to the Consulate of Spain in Miami, Florida, RODRIGUEZ and her family were insured through the Ministry of Foreign Affairs and Cooperation, per an insurance contract dated August 24, 2011. Spanish authorities discovered from 2011 through 2016, RODRIGUEZ presented 171 medical expense invoices in her own name or in the name of her husband, Adrian Agramonte Diaz or son, Julio Armando Agramonte, yielding a total reimbursement of €66,058.43 (approximately $75,000 USD) from the insurance company. After further investigation, Spanish authorities allege that RODRIGUEZ submitted fake invoices for medical expenses that RODRIGUEZ and/or her family members never incurred.

To further their investigation, Spanish authorities have asked the United States to interview RODRIGUEZ and several businesses where RODRIGUEZ alleged receiving medical treatment from January 2011 through December 2016.

## LEGAL BACKGROUND

A.  The Treaty

A treaty constitutes the law of the land. U.S. Const. art. VI, cl.2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States

v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  United States v. Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

The United States of America and the Kingdom of Spain entered into the Treaty "Wishing to cooperate within the framework of their friendly relations, and inspired by the desire to cooperate to facilitate the administration of justice in criminal matters."  Preamble to the Treaty.  The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures.  *Id.*  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests.  Treaty Annex, Article 5(1).

B.   18 U.S.C. § 3512

When executing a treaty or non-treaty request for assistance from a foreign authority, the designated attorney for the Government may file an application to obtain any necessary court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation and prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing and restitution.

An application for execution of a request under this section may be filed in this district, where the majority of the evidence is located.

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.  Section 18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

An application is duly authorized by an appropriate official of the U.S. Department of Justice, Office of International Affairs which serves as the "Central Authority" for the United States of America, has reviewed and authorized the request, and executes the request itself or delegate execution of the request to another attorney for the Government.[1]  Upon such a duly authorized application, Section 3512 authorizes a federal judge to issue "such orders as may be

---

[1] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R.  0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)-(b)(1).  In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "Commissioner," typically uses a subpoena entitled "Commissioner Subpoena."  Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States, 18 U.S.C. § 3512(f).  A copy of a commissioner subpoena is included as "Attachment B."

C.     REQUEST FOR ORDER

As evidenced by a referral letter dated March 13, 2019 from the Office of International Affairs to the United States Attorney's Office for the Southern District of Florida, the Office of

International Affairs has reviewed and authorized the Request and has delegated execution to the U.S. Attorney's Office for the Southern District of Florida. Consequently, this application for an Order appointing the undersigned Assistant U.S. Attorney as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.

In addition, an appropriate "foreign authority" submitted the Request. The Ministry of Justice (Office of the Technical General Secretariat), the designated Central Authority in the Kingdom of Spain for requests made pursuant to the Treaty, and seeks assistance in the investigation of fraud, a criminal offense in Spain. Furthermore, the requested order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records, the production of business records, and a witness interview, falls squarely within that contemplated by both the Treaty and Section 3512. Finally, the person required to appear resides or is located in the Southern District of Florida and the documents or things to be produced are located in the Southern District of Florida. Accordingly, this application was properly filed in this district.

Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), an order and commissioner subpoena issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty, likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S.

Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of the commissioner subpoena(s).

Therefore, the United States respectfully requests this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned Assistant United States Attorney, (or a substitute or successor subsequently designated by the Office of the U.S. Attorney) as a commissioner, authorized to take the actions necessary, including the issuance of a commissioner subpoena, to obtain the evidence requested in a form consistent with the intended use thereof.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   /s/ *Jonathan D. Stratton*
Jonathan D. Stratton
Assistant United States Attorney
Florida Bar No. 93075
U.S. Attorney's Office-SDFL
99 NE 4th Street
Miami, Florida 33132
Tel.   (305) 961-9151
Email: jonathan.stratton@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 11, 2019, the foregoing document was filed with the Clerk using CM/ECF.

      /s/ *Jonathan D. Stratton*
      Jonathan D. Stratton
      Assistant United States Attorney